UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH FREEL,

      Plaintiff,

vs.                                                    Case No.  3:10-cv-01164-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and **REMANDED**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits ("DIB") on February 25, 2008, alleging an inability to work since November 23, 2007. (Tr. 123-27). The Social Security Administration ("SSA") denied the application initially and again upon reconsideration. (Tr. 68-69, 77-78). Plaintiff then requested and received a hearing before an Administrative Law Judge ("the ALJ") on October 7, 2008. (Tr. 10, 79). On December 16, 2009, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 7-18). Plaintiff requested review of the ALJ's decision by the Appeals Council, but the request was denied. (Tr. 1). Plaintiff timely filed his Complaint in the U.S. District Court on January 20, 2010. (Tr. 4).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 19)

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claimed to be disabled due to back pain, neck pain, anxiety, and depression since November 23, 2007.  ( Tr. 41, 123).

### B.     Summary of Evidence Before the ALJ

Plaintiff was forty-eight years of age on the date of the hearing.  (Tr. 31).  He has a limited education, but is able to read, write, and communicate in English.  (Tr. 31, 145, 150).  He has past relevant work experience as a crane operator, rigger, and groundskeeper.  (Tr. 36-39).

In September 2000, Plaintiff was diagnosed with "degenerative disc disease at C5-6 with mild disc narrowing and spurring anteriorly and posteriorly."  (Tr. 197).  He also had "mild cervical scoliosis convex right and . . . uncovertebral hypertrophy at the C5-6 level on the left side that cause[d] minimal impingement on the left C5-6 neuroforamen."  Id.  Plaintiff testified that on November 23, 2007, he was bending over his bathroom sink when "something pulled in [his] back."  (Tr. 48).  Plaintiff was admitted to the Orange Park Medical Center and diagnosed with "acute back sprain and spasm," and "grade I anterolisthesis of the L5 with bilateral parous defect."  (Tr. 189).

In October 2004, Plaintiff visited Dr. Fetchero.  (Tr. 260).  He returned to Dr. Fetchero on an "as needed" basis through 2009.  (Tr. 260, 294-97).  Dr. Fetchero opined Plaintiff suffered from back pain, neck pain, neuropathy, radiculopathy, and paresthesias in the feet.  (Tr. 260).  Dr. Fetchero's notes indicate Plaintiff required an MRI, but Plaintiff was unable to obtain the test due to a lack of insurance.  (Tr. 251).  In July 2008, Dr. Fetchero completed a physical residual functional capacity ("RFC")

questionnaire for Plaintiff. (Tr. 260). Dr. Fetchero noted Plaintiff had not improved in more than seven months and was only able to sit for less than two hours, stand for less than two hours, and walk for less than two hours in an eight-hour workday. (Tr. 262). He further opined Plaintiff could only sit or stand for ten minutes before needing to change positions and occasionally required the assistance of a cane. (Tr. 262-63). Dr. Fetchero determined Plaintiff could rarely lift items weighing ten pounds or less and could never lift items heavier than ten pounds. (Tr. 263). Dr. Fetchero further opined Plaintiff was likely to be absent from work more than four days per month as a result of his impairments. (Tr. 265). Finally, Dr. Fetchero suggested Plaintiff's pain would frequently interfere with his attention and concentration, but Plaintiff could tolerate moderate work stress. (Tr. 261).

Dr. Choisser examined Plaintiff in May 2008. (Tr. 209). He noted Plaintiff had "good bony alignment" in his lumbar spine, but "some narrowing of disc space" and "arthritic changes" in the cervical spine. (Tr. 210). Dr. Choisser opined Plaintiff suffered moderate muscle spasms along the lumbar spine as well as traumatic disc disease and osteoarthritis of the lumbar and cervical spine with insufficient medical work-up. Id. Dr. Choisser also noted Plaintiff could walk for thirty feet without the aid of an assistive device, but "really need[ed] to have an MRI and possibly other diagnostic studies . . . in order to better evaluate his problems." (Tr. 209, 210).

In June 2008, Dr. Dianna Ahmad diagnosed Plaintiff with degenerative disc disease of the lumbar spine and osteoarthritis in the cervical spine. (Tr. 235, 242). Dr. Ahmad opined Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and could stand, walk, or sit for six hours in an eight-hour workday. (Tr. 236).

In September 2008, Dr. Puestow diagnosed Plaintiff with lumbar spondylolisthesis and affective/mood disorder. (Tr. 66-67). Dr. Puestow indicated Plaintiff could occasionally lift twenty pounds and frequently lift ten pounds. (Tr. 282). Dr. Puestow opined Plaintiff could stand or walk for six hours and sit for six hours in an eight-hour workday. (Tr. 282).

In May 2008, Dr. Knox, a consultative psychologist, evaluated Plaintiff. (Tr. 214). Dr. Knox opined Plaintiff suffered mild depression and had a Global Assessment of Functioning of 60. (Tr. 218). Dr. Knox also noted there were no behavioral indications of anxiety, depression, or thought disorder at the time of the interview. (Tr. 217). Dr. Knox went on to opine Plaintiff had no significant issues in the areas of concentration or persistence and his memory was intact. Id.

In June 2008, Dr. Zelenka diagnosed Plaintiff's mental impairments as not severe. (Tr. 221). Dr. Zelenka opined Plaintiff had mild limitations in the activities of daily living and maintaining social functioning. (Tr. 231). Plaintiff was also mildly limited in maintaining concentration, persistence, or pace and suffered no episodes of extended decompensation. Id. Dr. Zelenka opined Plaintiff's "mental evidence is post 12/2007." (Tr. 233). In September 2008, Dr. Alvarez-Mullin had the same findings. (Tr. 267, 277, 279). Then, in November 2008 and August 2009, Plaintiff was admitted to the hospital as a result of suicidal episodes. (Tr. 313, 332).

Plaintiff's hearing before the ALJ was conducted on November 3, 2009. (Tr. 10, 25). During the hearing, Plaintiff testified that during the day, he spent most of the time in a recliner watching television and napping. (Tr. 47, 56). Plaintiff also testified he was able to cook, clean, dress himself, wash dishes, pay bills, make change, and read. (Tr.

32, 42-45). Plaintiff admitted he could lift items such as a twelve pack of beer or two gallons of milk, but lifting the items caused neck and back pressure. (Tr. 45-46).

      D.     **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in a substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve (12) months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287 (1987).

In the instant case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2007. (Tr. 12). At step

one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date, November 23, 2007.  Id.  At step two, the ALJ found Plaintiff had the following severe impairments:  degenerative disc disease and osteoarthritis.  Id.  The ALJ noted Plaintiff claimed to have a history of depression, but found Plaintiff's depression, "when considered singly and in combination with [Plaintiff's] other impairments, [did] not cause more than minimal limitation in [Plaintiff's] ability to perform basic work activities" and "cause[d] no more than 'mild' limitation in activities of daily living; social functioning; and concentration, persistence, or pace."  Id.

At step three, the ALJ found "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."  (Tr. 13).  With respect to Plaintiff's RFC, the ALJ found Plaintiff was able to perform "less than the full range of sedentary work as defined by 20 C.F.R. § 404.1567(a)" and was able to "lift and/or carry up to 10 pounds; stand or walk for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday."  (Tr. 13).  But, "for every hour of sitting he [would] need to stand for 5 or 10 minutes," and Plaintiff needed the use of a cane.  Id.  In making this determination, the ALJ found Plaintiff's impairments could reasonably be expected to produce the alleged symptoms.  (Tr. 16).  However, the ALJ found Plaintiff's assertions "concerning the intensity, persistence and limiting effects of [the alleged] symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment."  Id.

At step four, the ALJ determined Plaintiff was unable to perform his past relevant work as a groundskeeper, rigger, or crane operator.  (Tr. 17).  However, at step five, the

ALJ stated, "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." Id.  As such, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through his date last insured, December 31, 2007.  (Tr. 18).

### III.   ANALYSIS

#### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Richardson, 402 U.S. at 401 and Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable

to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff raises three issues in this appeal. Specifically, Plaintiff claims the ALJ erred by failing to give the opinion of Plaintiff's treating physician, Dr. Fetchero, controlling weight. (Doc. 16, p. 7). Second, Plaintiff argues the ALJ failed to properly classify Plaintiff's depression as a severe impairment. (Doc. 16, p. 9). Lastly, Plaintiff argues the ALJ erred by finding Plaintiff was not disabled even though Plaintiff could only perform less than the full range of sedentary work. (Doc. 16, p. 11).

#### 1. Whether the ALJ properly weighed Plaintiff's treating physician's opinion

Plaintiff first argues the ALJ improperly discredited Dr. Fetchero's opinion. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). The Eleventh Circuit has determined "good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241. When an ALJ decides to disregard the opinion of a treating physician, the ALJ must clearly articulate his reasons. Id. Failure to do so makes it "impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."

Cowart v. Schwieker, 662 F.2d 731, 735 (11th Cir. 1981).

In this case, the ALJ provided three reasons for according "little weight" to Dr. Fetchero's opinion. (Tr. 15). Specifically, the ALJ stated:

> there is concern that the doctor relied too heavily on the claimant's subjective reports of his symptoms and limitations, uncritically accepting as true most, if not all, of what the claimant reported. The medical evidence of record does not contain the significant clinical and laboratory data needed to find that the claimant is, in fact, disabled. In addition, the claimant's activities of daily living are not consistent with his allegations of disability.

(Tr. 15). With respect to the first reason cited by the ALJ, that the doctor relied too heavily on Plaintiff's subjective complaints, it is true that a treating physician's opinion may be discredited when the opinion is based primarily on the plaintiff's subjective reports of pain. Freeman v. Barnhart, 220 F.App'x 957, 960 (11th Cir. 2007). However, in order to do so, the ALJ must first determine that the Plaintiff's subjective complaints are not credible. See Pineda-Henley v. Astrue, No. 3:09-cv-974-J-MCR, 2011 WL 825640, *8 (M.D. Fla. Mar. 3, 2011) (holding ALJ did not err in discrediting treating doctor's opinion based on a plaintiff's subjective complaint after properly finding plaintiff's complaints not credible) (citing Adzima v. Commissioner of Social Sec., No. 6:09-cv-1734-Orl-DAB, 2010 WL 5174495, at *7 (M.D. Fla. Dec.15, 2010) ("It is well-settled that an ALJ may disregard a medical opinion premised on the claimant's self-reported symptoms if the ALJ has reason to doubt the claimant's credibility."); Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995) (ALJ could reject portion of physician's report based upon plaintiff's own statements of functional restrictions where ALJ found

plaintiff's subjective statements not credible); Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (physician's opinion of disability premised to large extent on claimant's own accounts of symptoms and limitations may be disregarded where those complaints have been properly discounted)).

      In the instant case, the ALJ found Plaintiff's subjective complaints were not credible, however, the undersigned does not believe substantial evidence supports the ALJ's reasons for questioning Plaintiff's credibility. To support his findings regarding Plaintiff's credibility, the ALJ pointed to Plaintiff's allegations that he experienced chronic neck and back pain with numbing in his hands and that he could not sit, stand, or walk without pain even with pain medications. (Tr. 16). The ALJ then noted that despite these claims, Plaintiff was able to lift a twelve-pack of beer and two gallons of milk. The ALJ acknowledged that Plaintiff stated doing these activities made him feel pressure or pain. The Court does not see how Plaintiff's ability to lift beer and milk is somehow inconsistent with Plaintiff's allegations of constant pain and inability to sit, stand, or walk without pain. Had Plaintiff testified he could not lift more than a few pounds and then stated he could lift a twelve-pack and two gallons, the Court would agree that his credibility was lacking. However, the ability to lift does not necessarily affect the ability to sit, stand, or walk.

      Additionally, the ALJ noted that Plaintiff testified his depression and anxiety occasionally caused him to not want to get out of bed. Id. The ALJ then observed that despite these allegations, Plaintiff stated he was able to "dress and bathe, comb his hair and brush his teeth" as well as "prepare soup and sandwiches" and help with laundry. Id. Again, the Court does not see any inconsistency between Plaintiff's claim

that sometimes he did not feel like getting out of bed and his ability to perform some daily life activities.

Finally, the ALJ pointed to Plaintiff's claim that he was laid off in December 2003 because he would miss one to two days of work per week. To contradict that statement, the ALJ pointed to Plaintiff's report during a consultative examination in 2008 where Plaintiff reported he had a lawn service company and stated he had to stop that business two years earlier because he never had enough customers and he started to hurt and his hands went numb. Based on Plaintiff's statement during the consultative exam, the ALJ determined there was "a question as to whether the claimant's unemployment [was] actually due to a medical impairment or an inability to secure work." Id. While the statement that Plaintiff did not have enough customers could indicate he stopped working due to lack of business, the ALJ did not discredit Plaintiff's claim that he was laid off in December 2003 due to his absences or his claim that he stopped the lawn service company because he started to hurt and his hands went numb. In sum, the ALJ did not provide sufficient bases, supported by substantial evidence, for his finding that Plaintiff's subjective complaints were not credible. As such, the undersigned finds the ALJ erred in discrediting Dr. Fetchero's opinion for being based on Plaintiff's subjective complaints.

The Court also has concerns regarding the ALJ's remaining reasons for discrediting Dr. Fetchero's opinions. The ALJ discredited Dr. Fetchero's opinions because he found Plaintiff's activities of daily living were inconsistent "with his allegations of disability." (Tr. 15). Although it is not clear, the undersigned assumes this means the ALJ believed Plaintiff's activities of daily living were not consistent with the

-11-

limitations imposed by Dr. Fetchero. In any event, the ALJ did not provide any further detail regarding which of Plaintiff's daily activities were inconsistent with the limitations and how. Without any such discussion, this reason is not supported by substantial evidence.

Finally, the ALJ discredited Dr. Fetchero's opinion because there was insufficient medical evidence in the record. However, as Plaintiff observed, part of the reason for the lack of medical evidence was Plaintiff's inability to pay for an MRI. While the Commissioner is correct the plaintiff has the burden of proving his disability, it is similarly true that the ALJ has a duty to develop a full and fair record, even when the plaintiff is represented by counsel. Cowart, 662 F.2d at 735. This duty includes ordering a consultative examination or additional testing if needed to make an informed decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984); see also 20 C.F.R. § 416.917 ("If your medical sources cannot . . . give us sufficient medical evidence about your impairment . . . we may ask you to have one or more . . . tests."). The ALJ is not required to order a consultative examination or additional testing unless the record shows that such an examination is necessary for the ALJ to render a decision. Ford v. Secretary of Health and Human Services, 659 F.2d 66, 69 (5th Cir. 1981).

Here, two physicians, Dr. Fetchero and Dr. Choisser, both indicated an MRI was necessary for further diagnosis (Tr. 209, 251) and the ALJ noted this in his decision (Tr. 15). The responsibility of ordering the MRI fell on the ALJ due to the ALJ's duty to develop a full and fair record unless the record contained sufficient evidence for the ALJ to make an informed decision. See Cowart, 662 F.2d at 735. However, the ALJ was

only required to order the MRI if there was insufficient evidence in the record to support an overall disability determination. Ford, 659 F.2d at 69. The regulations do not require absolute certainty in a disability decision; instead, the requirement is substantial evidence to sustain the ALJ's determination. Holladay, 848 F.2d at 1210 (finding no error in the ALJ's refusal to order additional testing recommended by the plaintiff's physician because the record contained substantial evidence to support an overall disability determination). Here, the undersigned is not prepared to require the ALJ to order an MRI, however, as the ALJ's only remaining reason for discrediting Dr. Fetchero's opinion is that there is insufficient evidence in the record and it is documented that part of the reason for the lack of evidence in the record is Plaintiff's inability to pay for an MRI, the Court cannot find that lack of evidence is a sufficient reason on its own for discrediting Plaintiff's treating physician's opinion. Accordingly, the undersigned finds the ALJ erred in discrediting Dr. Fetchero's opinions by failing to provide sufficient good cause for doing so. The Court will therefore, remand this matter back to the ALJ and ask that he reconsider the opinions of Dr. Fetchero, keeping in mind that if he cannot point to substantial evidence in the record to do otherwise, he must grant it significant weight. Additionally, the ALJ shall consider whether an MRI would assist him in determining Plaintiff's disability status.

Although the Court is remanding the matter based on Plaintiff's first argument, the Court will consider the remaining two issues raised in Plaintiff's memorandum.

### 2. Whether the ALJ properly classified Plaintiff's depression as a non-severe impairment

Plaintiff next argues the ALJ erred in classifying Plaintiff's mental health condition

as non-severe. (Doc. 16, p. 9). At step two, the ALJ must determine whether a claimant's impairments are severe, both individually and in combination. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). The burden is on the plaintiff to prove the impairments are severe. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999); see 20 C.F.R. § 416.912(a). An impairment is not severe if "it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The "'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F. 2d 1544, 1547 (11th Cir. 1986); see 20 C.F.R. §404.1521(a) (2003) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Further, a plaintiff's disability, including severe impairments, must be established on or before the date last insured to qualify for benefits. See Everett v. Secretary of Health, Ed. and Welfare, 412 F.2d 842, 842 (4th Cir. 1969); Ware v. Schweiker, 651 F.2d 408, 411 (5th Cir. 1981); and Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (all holding that a plaintiff must prove disability on or before the insured status lapses).

In this case, Plaintiff's date last insured was December 31, 2007. (Tr. 12). As a result, Plaintiff has the burden to prove that his depression was severe on or before that date. See Jones, 190 F.3d at 1228. In support of the proposition that his depression was severe, Plaintiff noted his prescription for an anti-depressant and several suicide

attempts. (Doc. 16, p. 9). However, the suicide attempts occurred in November 2008 and August 2009 (Tr. 320, 339), and the first mention of depression in Dr. Fetchero's notes was in November 2008. (Tr. 296). These occurrences all fall after Plaintiff's date last insured. While this evidence does tend to show that Plaintiff suffers from a mental impairment that would likely qualify as severe, the record is devoid of any evidence that indicates the mental impairment was severe prior to the date last insured.

Further, three physician's opinions support the ALJ's finding. Dr. Michael Zelenka stated in his report that Plaintiff's limitations due to his mental health condition were mild. (Tr. 231). Dr. Zelenka opined Plaintiff's mental limitations at his date last insured were also mild. (Tr. 233). Dr. Angeles Alvarex-Mullin's report also noted Plaintiff's mental impairment was mild. (Tr. 277). In addition, Dr. Knox observed Plaintiff exhibited no behavioral indications of anxiety, depression, or thought disorder at the time of his examination, and diagnosed Plaintiff with mild dysthymic depression. (Tr. 217-218). Therefore, there is substantial evidence in the record to support the ALJ's determination that Plaintiff's mental impairment was not severe.

### 3. Whether the ALJ erred in suggesting Plaintiff was not disabled despite an RFC finding of less than a full range of sedentary work

Finally, Plaintiff argues the ALJ erred in finding Plaintiff was not disabled even though he found Plaintiff was only able to perform less than the full range of sedentary work. According to Plaintiff, the definition of sedentary work requires one to be able to "sit for extended periods of time and if the person is unable to perform that function, he or she is disabled." (Doc. 16, p. 11) (citing Preston v. Secretary of Health and Human Services, 854 F.2d 815 (6th Cir. 1988)).

Sedentary work is defined in the regulations to include work where "sitting, [and] a certain amount of walking and standing is often necessary." 20 C.F.R. § 404.1567(a). However, a plaintiff may be limited to less than a full range of sedentary work and nonetheless, have a vocational expert ("VE") find he can perform a significant number of jobs in the economy. Jones v. Commissioner of Social Security, 23 F.App'x. 339, 340 (6th Cir. 2001). If a vocational expert finds the plaintiff can perform a significant number of jobs in the economy, such would preclude a finding of disability. 20 C.F.R. § 404.1520(g).

In this case, the ALJ determined Plaintiff could perform less than the full range of sedentary work. (Tr. 13). Plaintiff does not contest this finding. Instead, Plaintiff argues that because the ALJ found Plaintiff could perform less than the full range of sedentary work, Plaintiff is necessarily disabled. (Doc. 16, p. 11). The Court finds no merit in this argument. To support this position, Plaintiff cites to the Preston case. In Preston, medical evidence supported the finding that the plaintiff could maintain neither a sitting nor a standing position for any period of time. Preston, 854 F.2d at 819. As such, the court determined the plaintiff could not perform **any** range of sedentary work and was therefore, disabled. Id. Unlike the plaintiff in Preston, Plaintiff in the instant case is able to perform a range of sedentary work. Indeed, the ALJ found Plaintiff was able to lift up to ten pounds; stand or walk for two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. (Tr. 13). The ALJ presented the VE with a hypothetical including these limitations and the VE determined there were jobs available in significant numbers in the regional or national economy which Plaintiff could perform. (Tr. 60-61). The VE's determination precludes a finding of disability. 20 C.F.R. § 404.1520(g).

Therefore, the ALJ did not err in finding Plaintiff was not disabled despite having the ability to perform less than the full range of sedentary work.

### IV.    CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** pursuant to sentence four, 42 U.S.C. § 405(g).  On remand, the ALJ shall (1) reassess the weight accorded to Dr. Fetchero's opinion and state with particularity the weight assigned to it and the reasons therefor; (2) determine whether an MRI would assist him in determining Plaintiff's disability status; and (3) conduct any other proceedings deemed appropriate.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration.  **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** at Jacksonville, Florida the  27th  day of February, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record